**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Rakhshanda Y. Talib,** | ) | **CASE NO. 1:17 CV 2514** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **AAA Insurance, *et al.*,** | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

*Pro se* Plaintiff Rakhshanda Talib has filed this *in forma pauperis* civil action against "AAA Insurance The Auto Club Group" and Katherine Probert, Agent. (*See* Doc. No. 1.) She asserts claims for property damage in the amount of $1,805.13, and seeks punitive damages in the amount of $5,415.39, in connection with damages to her car that occurred in February 2017. She alleges she has a right to seek recovery for the damages on the basis of insurance she has with "AAA Auto Insurance (aka Auto Club Group, Independence Ohio, Dearborn Michigan, Chicago Illinois)." (*See id*. at 3-4.)

Federal courts, however, are courts of limited jurisdiction and must dismiss any case in which they determine federal subject-matter jurisdiction is lacking. *See Nagalingam v. Wilson, Sowards, Bowling & Costanzo*, 8 F. App'x 486, 487, 2001 WL 493392 (6th Cir. May 1, 2001); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action.").

This case must dismissed for lack of federal subject-matter jurisdiction.

The basic statutory grants of federal subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). A plaintiff may invoke federal question subject-matter jurisdiction under § 1331 when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *Id.*; 28 U.S.C. § 1331. The face of the plaintiff's complaint does not present a claim arising under federal law. The only discernible claims alleged in the complaint are damage claims arising under state law. Federal subject-matter jurisdiction may be asserted over state-law claims under §1332 when there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. §1332. The plaintiff's filings, however, do not demonstrate a basis for an exercise of federal diversity jurisdiction as they do not demonstrate that all of the parties are of diverse citizenship, or that the amount in controversy exceeds $75,000.

**Conclusion**

Accordingly, this action is dismissed for lack of federal subject-matter jurisdiction. The dismissal is without prejudice to any claims the plaintiff may properly bring in a state court on the facts alleged. The Court further certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. 1915(a)(3).

IT IS SO ORDERED.

 /s/Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: _December 6, 2017___